UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SERGEY L.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. 2:18-cv-00350-SAB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11, and Defendant's Cross-Motion for Summary Judgment, ECF No. 12. The motions were heard without oral argument. Plaintiff is represented by David L. Lybbert; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Franco L. Becia.

**Jurisdiction**

On May 14, 2014, Plaintiff filed an application for Title II disability insurance benefits as well as a Title XVI application for supplemental security income. Plaintiff's application was denied initially and on reconsideration. On July 14, 2017, a video hearing was held before an ALJ. Plaintiff testified, as did a

reviewing medical expert, Dr. Robert Thompson M.D., and a vocational expert. The ALJ issued a decision on January 18, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is

denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step. Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in

the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**Statement of Facts**

At the time of the hearing, Plaintiff was 43 years old. His immigrated to the United States from the Ukraine at the age of 20. His work history consists of periodic employment in a meat cutting shop. Plaintiff alleges that worsening back pain and right leg pain preclude him from working. Multiple MRI exams confirm disc bulge and and neural narrowing along Plaintiff's spine, and physical examinations confirm a decreased range of motion in his lumbar spine, weakness in his legs, and, intermittently, findings of positive straight leg raising (SLR). The dispute in this case primarily resolves around the functional limitations resulting from plaintiff's ailments, and the ALJ's decision to not reference a medical report

submitted after the hearing.

**The ALJ's Findings**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act though December 31, 2017. AR 17. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 14, 2014. AR 19.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; hypertension; diabetes mellitus; and obesity. AR 19.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 23. The ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR § 4567(a) and § 416.967(b). The ALJ found Plaintiff capable of lifting and carrying up to 10 pounds frequently, and up to 20 pounds occasionally. The ALJ found him capable of occasional overhead reaching, and that Plaintiff can sit, stand, and walk for six hours in a normal workday with normal work breaks. TR 24.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work. At step five, the ALJ found Plaintiff was not disabled on the basis that he could perform other work which exists in significant numbers in the national economy, including positions such as parking lot valet, courier, café attendant, final assembler, escort vehicle-driver, and document preparer. AR 33.

**Discussion**

Plaintiff alleges three errors. First, that the ALJ erred by not considering a medical report provided after the hearing. Second, that the ALJ improperly discredited Plaintiff's symptom testimony. Third, that the ALJ erred at Step 2, by failing to include in his findings any cardiac limitations, despite multiple hospital

visits for chest pain, EKG reports supporting decreasing cardiac health, and Plaintiff's symptom testimony.

Dr. Thompson, a reviewing medical expert, testified at the hearing after reviewing the medical records submitted. Plaintiff had attempted to procure a statement from his treating physician, Dr. Irene Kimura, but was unable to procure the letter until after the hearing. Counsel for Plaintiff promptly provided Dr. Kimura's statement to the ALJ upon receipt of the report, months before the ALJ's decision was issued.

20 C.F.R. § 416.1435 governs the submission of written evidence to ALJ's in social security hearings. Subsection (a) requires, generally, that parties must "make every effort to ensure that the administrative law judge receives all of the evidence and must inform (the ALJ) about or submit any written evidence no later than 5 business days before the date of the scheduled hearing." Subsection (b) providers the standards for accepting late evidence, stating that "the administrative law judge will accept the evidence if he or she has not yet issued a decision and you *did not inform us about or submit* the evidence before the deadline because: . . . (3)(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." (emphasis added.)

The ALJ's decision states that Plaintiff should have provided notice of the request for Dr. Kimura's report, under subsection (a), and that his failure to do so makes the excuses under subsection (b) inapplicable. AR 16. Subsection (b) excuses both the failure to inform and the failure to submit, and states that the ALJ *will* accept the evidence if the decision has not been issued and the petitioner can show one of the listed circumstances. One circumstance is when a petitioner seeks the evidence, but does not receive it in a timely manner. This is precisely what Plaintiff alleges occurred. The ALJ's decision not to consider Dr. Kimura's report was error, and it was not harmless.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

The ALJ's decision at step five was based on the assumption that Plaintiff would not miss at least 2 days of work per month due to his conditions. AR 79. When the vocational expert was asked whether two absences per month would be work-preclusive, the expert testified that it would be. *Id.* Dr. Kimura's report states that she believed Plaintiff would miss two or more days per month due to symptom flareups. ECF No. 11, Ex. A. Thus, the ALJ's decision not to consider Dr. Kimura's report cuts to the heart of the vocational hypothetical used in his decision.

Likewise, the decision to discredit Plaintiff's symptom testimony was based primarily upon Dr. Thompson's review of the corroborating medical evidence, and the ALJ's determination that Plaintiff's self-reported limitations were exaggerated in light of the medical evidence in the record. AR 27. Dr. Kimura's report largely confirms Plaintiff's described limitations, and thus the determination of whether Plaintiff's symptom testimony is credible would change if the medical record included Dr. Kimura's report. However, Dr. Kimura's report appears to largely corroborate the ALJ's decision to not include a cardiac disorder at step two, as the diagnosis of "Chronic chest pain with activity with EKG findings 2016" is crossed out in that report. ECF No. 11, Ex. A, at 3. Thus, a remand is appropriate, for reconsideration and a new decision incorporating Dr. Kimura's report.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.
3. The decision of the Commissioner is **reversed** and **remanded** for further administrative proceedings consistent with this Order. On remand, the ALJ shall offer Plaintiff an opportunity for a new consultative examination, further develop the record, and issue a new decision. This remand is made pursuant to sentence four of 42 U.S.C. §

405(g).

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 27th day of December 2019.



*Stanley A. Bastian* (signature)

Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**